UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL EDWARD JOHNSON,

Plaintiff,

v.

SHERYL RAMSTAD HVASS, et al.,

Defendants.

Civil No. 01-239 (DWF/JMM)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, has filed a Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), which is now before the Court. (Docket No. 4.)

Because Plaintiff is a prisoner, his IFP application is subject to the fee payment provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the

FEB 16 2001

JUDGMENT ENTD

> filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $8.82, and his average monthly balance during the same period was $.76. Because the average monthly deposit amount is greater than the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $1.76, ($8.82 x 20% = $1.76). Pursuant to §

1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in installments, which shall be deducted by prison officials from Plaintiff's inmate trust account as required by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the Complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within thirty (30)

---

[1] Although Plaintiff's Complaint has not yet been thoroughly examined, a cursory inspection of the file yields serious doubts about how much, if any, of this action will survive initial screening. Notwithstanding the excessive length of Plaintiff's pleading, it does not appear to adequately identify what, specifically, each individual Defendant allegedly did (or failed to do) that purportedly violated Plaintiff's constitutional rights. General allegations of misconduct by specific individuals will not suffice, nor will specific allegations of misconduct by unnamed individuals. Rather, a § 1983 complaint must include factual allegations describing the particular constitutional misconduct of each individual named Defendant. Plaintiff's Complaint does not appear to satisfy that requirement. It therefore seems unlikely that much, if any, of his pleading will survive initial screening.

Furthermore, even if some of Plaintiff's claims should survive the screening process, it appears unlikely that he will ultimately prevail on such claims. His own submissions give the clear impression that he has been an exceedingly troublesome inmate for the Department of Corrections. Defendants will undoubtedly reinforce that impression if they are required to respond to Plaintiff's complaint. It is difficult to imagine how Plaintiff will be able to overcome the defenses that obviously will be raised in opposition to any claims that may survive initial screening.

The Court also notes that Plaintiff has filed two previous § 1983 actions in

days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $1.76, failing which it will be recommended that the action be dismissed without prejudice.

Dated: February 16, 2001

JOHN M. MASON
United States Magistrate Judge

---

this District, (Johnson v. Bruton, No. 00-2572 (DWF/JMM), Johnson v. Bruton, No. 00-2626 (DWF/JMM)), and that summary dismissal has been recommended in both of those cases. As a result, Plaintiff already owes the Clerk of Court $300 for two worthless lawsuits. If he continues to pursue the present lawsuit, and another one filed nearly contemporaneously with it, (Johnson v. Mohs, No. 01-260 (DWF/JMM)), he will then owe the Clerk $600. Moreover, if either of Plaintiff's most recent lawsuits is dismissed for failure to state an actionable claim, he will then have "three strikes against him" for purposes of 28 U.S.C. § 1915(g). In light of all these circumstances, Plaintiff should seriously consider whether it is advisable for him to invest $150, from his obviously limited assets, to pursue this action.